

PAE AO 241
(Rev. 10/09)

Page 4

# PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
# HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: **Eastern District of Pennsylvania** |
|---|---|
| **Name** (under which you were convicted):<br>SCOTT SHAW | Docket or Case No.: **13    2909**<br>CP-51-CR-0827531 - 1982 |
| **Place of Confinement:**<br>SCI-GRATERFORD | **Prisoner No.:**<br>#AY-4533 |

| **Petitioner** (include the name under which you were convicted): | **Respondent** (authorized person having custody of petitioner): |
|---|---|
| Scott Shaw | v.  Commonweath of PA |

| The Attorney General of the State of  Pennsylvania | |

## PETITION

1.  (a)   Name and location of court that entered the judgment of conviction you are challenging:
Court of Common Pleas of Philadelphia County

    (b)   Criminal docket or case number (if you know): CP-51-CR-0827531 - 1982

2.  (a)   Date of judgment of conviction (if you know): November 15, 1983

    (b)   Date of sentencing: February 8, 1985

3.   Length of sentence: Life, and 10-20 years consecutive, 5-10 concurrent with 10-20.

4.   In this case, were you convicted on more than one count or of more than one crime?   ☒ Yes   ☐ No

5.   Identify all crimes of which you were convicted and sentenced in this case: Murder, Kidnapping, and Conspiracy.

PAE AO 241
(Rev. 10/09)

6.   (a)   What was your plea?  (Check one)

☒ (1)   Not Guilty            ☐ (3)   Nolo contendere (no contest)

☐ (2)   Guilty               ☐ (4)   Insanity plea

(b)   If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

_____N/A_____

_____

_____

_____

(c)   If you went to trial, what kind of trial did you have?  (Check one)

☒ Jury               ☐   Judge only

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐   Yes               ☒   No

8.   Did you appeal from the judgment of conviction?

☒   Yes               ☐   No

9.   If you did appeal, answer the following:

(a)   Name of court: __PA Superior Court_____

(b)   Docket or case number (if you know): __#00646 Phila., 1985_____

(c)   Result: __Affirmed_____

(d)   Date of result (if you know): __February 3, 1988_____

(e)   Citation to the case (if you know): _____

(f)   Grounds raised: __Whether the JUdge in the Court below erred by character-__ izing defense counsel's attitude as in appropriately "casual," and by implying to the jury that since there were several factors to be consid- ered in determining the sentence for a Commonwealth witness, who had also been arrested with appellant and co-defendant Joseph Kindler, and who was testifying pursuant to an agreement with the Commonwealth, that the factor of the witness' cooperation w/the commonwealth was of no great significance.

(g)   Did you seek further review by a higher state court?            ☒ Yes     ☐ No

If yes, answer the following:

Filed PCHA: September 20, 1989 — Charles Pelletreau admitted to being ineffective — John Cotter appointed. Page 6

PAE AO 241
(Rev. 10/09)

(1) Name of court: __Court of Common Pleas - Philadelphia__

(2) Docket or case number (if you know): __Nos. 2753 to 2758 Aug Term 1982__

(3) Result: __Post Verdict Motions reinstated__

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

_____

(h)   Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.   Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☒ Yes   ☐ No

11.   If your answer to Question 10 was "Yes," give the following information:

(a)   (1) Name of court: __Court of Common Pleas Phila - PCRA__

(2) Docket or case number (if you know): __CP-51-CR-0827531 - 1982__

(3) Date of filing (if you know): __March 13, 2003__

(4) Nature of the proceeding: __PCRA__

(5) Grounds raised: __Accomplice Liability (Everett)__

_____

_____

_____

_____

_____

_____

_____

_____

PAE AO 241
(Rev. 10/09)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

       ☐ Yes        ☒ No

(7) Result: _____Affirmed_____

(8) Date of result (if you know): _____

(b)    If you filed any second petition, application, or motion, give the same information:

     (1) Name of court: ___Superior Court_____

     (2) Docket or case number (if you know): __0671 EDA 2004_____

     (3) Date of filing (if you know): ____November 8, 2004_____

     (4) Nature of the proceeding: __Appeal from Everett_____

     (5) Grounds raised: ____Accomplice Liability (Everett)____

     _____

     _____

     _____

     _____

     _____

     _____

     _____

     _____

     _____

     _____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

        ☐ Yes        ☒☒ No

(7) Result: __Affirmed_____

(8) Date of result (if you know): ____December 21, 2004_____

(c)    If you filed any third petition, application, or motion, give the same information:

     (1) Name of court: ___PA Supreme Court_____

     (2) Docket or case number (if you know): ___0671_____

     (3) Date of filing (if you know): ___February 9, 2005_____

     (4) Nature of the proceeding: ____Everett Appeal_____

     (5) Grounds raised: _____Accomplice LIability_____

     _____

     _____

     _____

     _____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐   Yes          XX  No

(7) Result: _____

(8) Date of result (if you know): _____

(d)     Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion:

(1)    First petition:        XX  Yes          ☐   No
(2)    Second petition:    XX  Yes          ☐   No
(3)    Third petition:        ☐   Yes          ☐   No

(e)     If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION:** To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** ___ Unconstitutional sentence

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
    Sentenced to life in prison without the possibility
    of parole as a juvenile.

_____

_____

_____

_____

_____

PAE AO 241
(Rev. 10/09)

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

     see habeas petition

_____

_____

_____

(c) **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        ☐ Yes        ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why? _____

_____

_____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☒ Yes        ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _____ PCRA in the Court of CP in Philadelphia

    Name and location of the court where the motion or petition was filed: _____ see above

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____ still pending

    Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

    (3) Did you receive a hearing on your motion or petition?   n/a ☐ Yes   ☐ No

    (4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☐ No

                                             n/a

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

        ☐ Yes        ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

PAE AO 241
(Rev. 10/09)

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise

this issue: _____

_____

_____

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies,

etc.)  that you have used to exhaust your state remedies on Ground One: _____

_____

_____

**GROUND TWO:** _____

_____

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.): ____

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

_____

_____

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

☐    Yes                     ☐    No

(2) If you did not raise this issue in your direct appeal, explain why? _____

_____

_____

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

    ☐   Yes         ☐   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?    ☐  Yes    ☐  No

(4) Did you appeal from the denial of your motion or petition?   ☐  Yes    ☐  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

    ☐   Yes        ☐   No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.)  that you have used to exhaust your state remedies on Ground Two: _____

_____

_____

_____

**GROUND THREE:** _____

_____

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

☐    Yes              ☐    No

(2) If you did not raise this issue in your direct appeal, explain why? _____

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐    Yes              ☐    No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

PAE AO 241
(Rev. 10/09)

Name and location of the court where the motion or petition was filed: ____ _____

_____

Docket or case number (if you know): _____

Date of the court's decision: ____ _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?     ☐  Yes     ☐  No

(4) Did you appeal from the denial of your motion or petition?     ☐  Yes     ☐  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

☐   Yes     ☐   No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise

this issue: _____

_____

_____

_____

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies,

etc.) that you have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

PAE AO 241
(Rev. 10/09)

_____
_____
_____
_____
_____
_____
_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____
_____
_____
_____
_____
_____

(c) **Direct Appeal of Ground Four:**

　　(1) If you appealed from the judgment of conviction, did you raise this issue?

　　　　□　Yes　　　　　□　No

　　(2) If you did not raise this issue in your direct appeal, explain why? _____
_____
_____

(d) **Post-Conviction Proceedings:**

　　(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a
　　state trial court?

　　　　□　Yes　　　　　□　No

　　(2) If your answer to Question (d)(1) is "Yes," state:

　　Type of motion or petition: _____

　　Name and location of the court where the motion or petition was filed: _____
_____

　　Docket or case number (if you know): _____

　　Date of the court's decision: _____

　　Result (attach a copy of the court's opinion or order, if available): _____
_____

　　(3) Did you receive a hearing on your motion or petition?　　□　Yes　　□　No

　　(4) Did you appeal from the denial of your motion or petition?　　□　Yes　　□　No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

☐　Yes　　　　　☐　No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise

this issue: _____

_____

_____

_____

(e)　**Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

_____

_____

13.　Please answer these additional questions about the petition you are filing:

(a)　Have all grounds for relief that you have raised in this petition been presented to the highest state

court having jurisdiction?　　　　　☐　Yes　　☒　No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for

not presenting them: _____ PCRA is still pending in the Court of

_____ Common Pleas in Philadelphia _____

_____

_____

_____

PAE AO 241
(Rev. 10/09)

(b)     Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____

_____

_____

14.     Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?          ☐   Yes        X̶X̶   No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

_____

_____

_____

_____

_____

_____

_____

15.     Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?          X̶X̶☐   Yes        ☐   No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised: _____

Court of Common Pleas of Philadelphia

Filed: July 24, 2012 — still pending

_____

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a)     At preliminary hearing:   Joseph Santaguida _____

(b)     At arraignment and plea: ___ Joseph Santaguida _____

PAE AO 241
(Rev. 10/09)

(c)    At trial: _____ Joseph Santaguida _____

(d)    At sentencing: _____ Charles Pelletreau _____

(e)    On appeal: _____ Charles Pelletreau / John Cotter _____

(f)    In any post-conviction proceeding: _____ John Cotter _____

(g)    On appeal from any ruling against you in a post-conviction proceeding: _____
_____ John Cotter _____

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are
challenging?                                ☐  Yes        ☒  No

(a)    If so, give the name and location of the court that imposed the other sentence you will serve in the
future: _____
_____

(b)    Give the date the other sentence was imposed: _____

(c)    Give the length of the other sentence: _____

(d)    Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be
served in the future?                       ☐  Yes        ☒  No

18.    **TIMELINESS OF PETITION:** If your judgment of conviction became final over one year ago, you must
explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your
petition*

_____
_____
_____
_____
_____
_____

_____

_____

_____

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court.  The limitation period shall run from the latest of -

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:    Vacate sentence,
individually re-sentence to a lesser-included offense.
Conform with the decision in Miller. Or as the Court may

deem appropriate.

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

PAE AO 241
(Rev. 10/09)

Page 19

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on __5-23-13__.

(month, date, year)

Executed (signed) on __5-21-13__ (date).

_Scott Shaw_

Signature of Petitioner

If the person signing is not the petitioner, state the relationship to petitioner and explain why petitioner is not signing this petition. _____

_____

_____

_____

_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| Scott Shaw        Petitioner, | : | CIVIL ACTION NO._____ |
| AY4533 | : | |
|             v. | : | |
|  | : | |
| JOHN E. WETZEL, Secretary, Pennsylvania | : | |
| Department of Corrections; MICHAEL | : | |
| WENEROWICZ, | : | |
|              Superintendent of | : | |
| the State Correctional Institution at Graterford | : | |
| Tom Corbett, Governor of Pennsylvania | : | |
|  | : | |
|             Respondents. | : | |

### PETITION FOR A WRIT OF HABEAS CORPUS

The Petitioner, Scott Shaw, hereby files this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, based on the United States Supreme Court's recent decision in Miller v. Alabama, 567 U.S. ___, 132 S.Ct. 2455 (2012), which holds that a mandatory life-without-parole sentence for a juvenile violates the Eighth Amendment to the United States Constitution. In support of this Petition, Petitioner states the following:

1. Petitioner, Scott Shaw is in the custody of the Commonwealth of Pennsylvania in the State Correctional Institution at SCIG, under a sentence of mandatory life imprisonment without parole for the [Philadelphia] County conviction for first-degree murder, and related charges.

### Relevant Procedural History

2. On 7/31/82, Petitioner, was arrested for a crime alleged to have been committed on 7/25/82 when Petitioner was 16 years old. On 11/15/83, Petitioner was convicted of

1

first degree murder. On 2/8/85, Petitioner was sentenced to a mandatory life

sentence pursuant to what have now been determined to be unconstitutional provisions of the

Pennsylvania sentencing scheme. See 18 Pa. C.S. § 1102 (1979) (authorizing only death

sentence or life imprisonment sentence for first degree murder); 61 Pa. C.S. § 331.21 (1979)

(providing that parole is not available for sentences of life imprisonment).

. . .

3.      On June 25, 2012, the United States Supreme Court decided Miller v. Alabama,

567 U.S. ___, 132 S.Ct. 2455 (2012), finding that the mandatory imposition of a life sentence

without parole for a juvenile convicted of homicide is unconstitutional. On that basis, Petitioner

is filing a motion for leave to file a first federal habeas petition and request for

appointment of counsel.

4.      Petitioner has previously filed a motion for post-conviction relief in state court

based on the Miller decision, arguing that his petition is timely as it is based upon a new rule of

law. However, the question of the retroactivity of the Miller decision has yet to be decided by

the Pennsylvania courts. Given uncertainty about the ultimate resolution of the issues implicated

by the Miller decision, Petitioner is filing a motion for leave to file this first habeas

petition in order to protect his right to habeas review.

2

**Claim for Relief**

I.    PETITIONER'S MANDATORY SENTENCE OF LIFE WITHOUT PAROLE VIOLATES THE
      EIGHTH AMENDMENT'S PROHIBITION ON CRUEL AND UNUSUAL PUNISHMENT;
      PETITIONER'S SENTENCE SHOULD BE VACATED, AND HE SHOULD BE INDIVIDUALLY
      RESENTENCED ON LESSER-INCLUDED OFFENSES.

5.    Based on the Supreme Court's recent decision in Miller, Petitioner seeks a

vacation of his sentence and an order that he be individually resentenced on the lesser-included

offenses.

6.    On June 25, 2012, the United States Supreme Court issued its decision in Miller

v. Alabama. The petitioners in Miller were two 14-year-olds who were sentenced to mandatory

life sentences without the possibility of parole. Miller, 132 S.Ct. at 2460. The Court found that a

mandatory imposition of life without parole violates the Eighth Amendment.

7.    The Court based its decision in Miller on its prior precedent, namely Roper v.

Simmons, 543 U.S. 551 (2005), and Graham v. Florida, 130 S.Ct. 2011 (2010). These cases

likened a sentence of life without parole "to the death penalty itself" and recognized that

"children are constitutionally different from adults for purposes of sentencing. Because juveniles

have diminished culpability and greater prospects for reform . . . 'they are less deserving of the

most severe punishments.'" Id. at 2464 (quoting Graham).

8.    The Court recognized that mandatory sentencing schemes that require life in

prison without parole are flawed because these schemes do not take into account the differences

between adults and juveniles and "prohibit a sentencing authority from assessing whether the

law's harshest term of imprisonment proportionally punishes a juvenile offender." Id. at 2466.

9.    The Court accordingly held that "mandatory life without parole for those under

3

the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" Id. at 2460.

10.    The decision in Miller is retroactive on its face. The companion case decided with Miller, Jackson v. Hobbs,[1] was a state post-conviction case. When it decided Miller, which was a direct appeal, the Supreme Court did not draw any distinction between Jackson's collateral challenge and Miller's case. The Court applied the same rule and invalidated mandatory life imprisonment for both Jackson and Miller. Hence, the United States Supreme Court has already applied the Miller rule retroactively to a case on collateral review.

11.    Like the petitioners in Miller, Petitioner was a juvenile at the time of the offense. Petitioner was born on 5-22-66 He was arrested on 7-31-82, when he was 16 years old, and was charged with murder. There is no doubt that Petitioner was under the age of eighteen when the homicide occurred, and he was sentenced under a statute that required the mandatory imposition of life imprisonment without parole. See 18 Pa. C.S. § 1102 (setting forth sentences for first and second-degree murder); 61 Pa. C.S. § 6137 (barring life-sentenced prisoners from parole eligibility).

12.    Thus, pursuant to the holding in Miller, it is plain that Petitioner's sentence violates the Eighth Amendment and must be vacated.

**A.    Constitutional Sentencing.**

13.    At the time of the crimes for which Petitioner was convicted, Pennsylvania law allowed only two possible sentences for first degree murder – death and life imprisonment

---

[1] Miller v. Alabama, No 10-9646, and Jackson v. Hobbs, No.10-9647, were decided together in a single opinion, for which there is a single citation.

without parole. See 18 Pa. C.S. § 1102 (1979) (authorizing only death sentence or life imprisonment sentence for first degree murder); 61 Pa. C.S. § 331.21 (1979) (providing that parole is not available for sentences of life imprisonment). For juveniles like Petitioner, both of those sentences have been held unconstitutional. See Roper, supra; Miller, supra.

14.    The Pennsylvania Code therefore does not establish a constitutional sentence for first or second degree murder committed by a juvenile. It would violate Petitioner's ex post facto rights to inflict "punishments, where the party was not, by law, liable to any punishment" or to inflict "greater punishment, than the law annexed to the offence." Stogner v. California, 539 U.S. 607, 612 (2003) (quoting Calder v. Bull, 3 Dall. 386, 389, 1 L.Ed. 648 (1798)). Here, any sentence imposed that is greater than a statutorily established, constitutional sentence would amount to a judicially created, retroactive punishment that was not "annexed to the offence" at the time these crimes occurred. The only statutorily established, constitutional sentence applicable here is the sentence attendant to the lesser included offense of third degree murder at the time of these crimes. See 18 Pa. C.S. § 1103 (1979). Petitioner must be sentenced accordingly.

15.    For similar reasons, imposing a judicially created sentence that is greater than any statutorily established constitutional sentence would be unfair, arbitrary, capricious, and lacking notice, all in violation of Petitioner's due process rights and his rights as guaranteed under the Eighth Amendment. Likewise, a judicially created sentence, for example a sentence of life with parole, would violate equal protection by inviting unfair and discriminatory treatment for Petitioner when compared to those who are sentenced according to constitutionally sound statutes. Accordingly, Petitioner must be resentenced pursuant to the lesser included offense of

5

third degree murder. Such a sentence would accord with the approach taken previously in Pennsylvania after a sentencing statute has been found unconstitutional. In Commonwealth v. Story, 282 A.2d 488 (Pa. 1981), for example, the Pennsylvania Supreme Court vacated the death sentence upon finding the statute unconstitutional and imposed the next most severe statutorily authorized sentence – life imprisonment. Id. In reaching this result, the court refused to permit the defendant to be subjected to another capital sentencing proceeding under the then-new sentencing statute. The court explained that such an approach would "violate equal protection and due process." Id. at 492. See also Commonwealth v. Bradley, 449 Pa. 19 (1972) (vacating defendant's death sentence in light of Furman v. Georgia, 408 U.S. 238 (1972), and imposing the next most severe statutorily authorized sentence of life imprisonment); Rutledge v. United States, 517 U.S. 292 (1996) (the court "may direct the entry of judgment for a lesser included offense when a conviction for a greater offense is reversed on grounds that affect only the greater offense"); Morris v. Mathews, 475 U.S. 237 (1986) (same).

16.     Pennsylvania has recently decided one of two companion cases addressing the impact of Miller. In Commonwealth v. Batts, – A.3d –, 2013 WL 1200252 (Pa. March 26, 2013), the Pennsylvania Supreme Court rejected the argument that the appellant should be resentenced pursuant to the penalty for third degree murder, in violation of ex post facto rights, due process and the Eighth Amendment. However, the Pennsylvania courts have yet to decide the question of retroactivity, so it is unclear whether the Batts decision will apply to litigants, like Petitioner, who were in post-conviction posture at the time of the Miller decision. That question has been addressed in briefing and in argument in Commonwealth v. Cunningham, 38 EAP 2012. However, the court has not yet issued an opinion in that case. Petitioner is filing this

6

petition to preserve his rights in the event that Pennsylvania determines that <u>Miller</u> did not establish a new rule of law and to challenge the Pennsylvania courts' refusal to order resentencing pursuant to third degree murder.

17.    The Court of Appeals for the Third Circuit is also currently considering the question of the retroactivity of the <u>Miller</u> decision.  In <u>In re Franklin X. Baines</u>, No. 12-3996, and <u>In re Michael J. Pendleton</u>, No. 12-3617, the Court has ordered briefing on these questions. Argument is expected in the next several months.

### B.    Available Mitigating Evidence Relevant to Sentencing.

18.    In this case, extensive and well-documented mitigating evidence, precisely the type of evidence the Supreme Court held relevant to juvenile sentencing in <u>Miller</u>, was available at the time of sentencing, but was not before the sentencer.  For this reason, too, Petitioner's constitutional rights were violated.  Petitioner is requesting the appointment of counsel and will supplement this Petition once counsel has collected mitigating evidence in support of this habeas claim.

### C.    Conclusion.

19.    Petitioner's mandatory sentence of life without parole, imposed for acts committed when he was under eighteen years old, violates the Eighth Amendment to the United States Constitution, and consequently, this Court cannot permit his sentence to stand.

WHEREFORE, Petitioner respectfully requests that the Court vacate his life sentence and grant the writ of habeas corpus.


Respectfully submitted,

Scott Shaw
#AY4533
Graterford PA 19426

Dated: 5-21-13

## CERTIFICATE OF SERVICE

I, Scott Shaw   hereby certify that on this      ·day of       , 2013, I served a copy of the foregoing upon the following by United States Mail, first class, postage prepaid:

Thomas Dolgenos
Chief, Federal Court Litigation
Office of the District Attorney
Three South Penn Square
Philadelphia, PA 19107-3499

*Scott Shaw*
AY 4533

Dated:  5-21-13

Clerk
United States District Court
for the Eastern District of Pennsylvania
601 Market Street - Room 2609
Phila., PA  19106                                    May 23, 2013


                      RE: Scott Shaw, Plaintiff
                              vs.
                          John E Wetzel, Sec. PA DOC,
                          Michael Wenerowicz, Supt. of SCIG,
                          Tom Corbett, Governor of Pennsylvania,
                          Defendants


Dear Clerk:

     In regard to the above captioned matter, please find enclosed
an original and Three (3) copies of my Petition under 28 U.S.C.§2254
for a Writ of Habeas Corpus.

     Also, please note that my application to proceed in-forma
pauperis (to proceed in District Court without prepaying fees or
costs) is currently with the Institution's Inmate Accounting
Department. I expect them to forward it to you soon.


     Kindly file on my behalf.


     Thank you for your assistance.



     Very truly yours,

     _Scott Shaw_

     Scott Shaw  #AY4533
     PO Box 244
     Graterford PA 19426
     Pro-se

RECEIVED
MAY 24 2013



cc: Thomas Dolgenos
    Chief, Federal Court Litigation
    Office of the District Attorney
    Three South Penn Square
    Philadelphia, PA 19107-3499

# UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Scott Shaw  #AY-4533 | ) |
| *Plaintiff* | ) |
| | ) **13    2909** |
| *v.* | ) |
| | ) Civil Action No. |
| *Defendant* | ) |
| John E. Wetzel, Sec. PA DOC, | ) |
| | ) |
| Michael Wenerowicz, Supt. SCIG. | ) |
| | ) |
| Tom Corbett, Governor of PA | ) |
| | ) |

---

**APPLICATION FOR PRISONERS TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**
**(Short Form)**

      I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested.

---

      In support of this application, I answer the following questions under penalty of perjury:

**1.**    ***If incarcerated.*** I am being held at:   SCI-Graterford

---

      I am employed there, or have an account in the institution, I have attached to this document a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in my name. I am also submitting a similar statement from any other institution where I was incarcerated during the last six months.

**2.**    ***If not incarcerated.*** If I am employed, my employer's name and address are:

---

My gross pay or wages are: $ _____ , and my take-home pay or wages are: $_____
per _____ .
*(specify pay period)*

**3.**    ***Other Income.*** In the past 12 months, I have received income from the following sources (check all that apply):

RECEIVED
MAY 2 4 2013

| | | | |
|---|---|---|---|
| (a) | Business, profession, or other self-employment | ☐ Yes | ☐ No |
| (b) | Rent payments, interest, or dividends | ☐ Yes | ☐ No |
| (c) | Pension, annuity, or life insurance payments | ☐ Yes | ☐ No |
| (d) | Disability, or worker's compensation payments | ☐ Yes | ☐ No |
| (e) | Gifts, or inheritances | ☐ Yes | ☐ No |
| (f) | Any other sources | ☐ Yes | ☐ No |

PAE AO 240 (Rev. 10/04). Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)                Page 2

*If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.*

_____
_____
_____

4.      Amount of money that I have in cash or in a checking or savings account: $_____

5.      Any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value that I own, including any item of value held in someone else's name *(describe the property and its approximate value)*:

_____

6.      Any housing, transportation, utilities, or loan payments, or other regular monthly expenses *(describe and provide the amount of the monthly expense)*: _____

_____
_____

7.      Names (or, if under 18, initials only) of all persons who are dependent on me for support, my relationship with each person, and how much I contribute to their support:

_____

8.      Any debts or financial obligations *(describe the amounts owed and to whom they are payable)*:

_____
_____
_____

---

**Declaration:**   I declare under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims.

5-21-13
*Date*

*Scott Shaw (signature)*
*Applicant's signature*

Scott Shaw
*Printed name*

---

9.      **Certification of Prisoner's Institutional Account Balance:** An authorized prison official must complete the certification below, and furnish a certified copy of your institutional account statement showing all deposits, withdrawals, and balances for the prior six-month period, to be filed with this application.

I certify that the prisoner named herein has the sum of $ 105.40 on account at SCI Graterford correctional institution, where he is presently confined.

I further certify that during the prior six-month period, the prisoner's average monthly account balance was $ 38.27 ; and that the average amount deposited monthly in the account during the prior six-month period was $ 131.13 .

Sherri D. Bo, Inmate acct Assist.           5/22/13
*Signature and Title of Authorized Prison Official*                         *Date*

 **Integrated Offender Case Management System**    5/22/2013 3:13:47 PM

**Offender Transaction History**    shbean

| From Date: | 11/22/2012 12:00:00 AM | To Date: | 5/22/2013 12:00:00 AM |
|---|---|---|---|
| Sort By: | Transaction Date - ASC | | |

| Batch# | Txn Date | Txn Description | Txn Amount ($) | Balance After Transaction($) | Details |
|---|---|---|---|---|---|
| **Offender ID: 5129AQ   Case ID: AY4533   Offender Name: SHAW, SCOTT   Location: C-B-1083-01** | | | | | |
| **Escrow Balance: 0.00   Current Balance: 105.40   Institution: Graterford** | | | | | |
| GRA-017160 | 11/27/2012 | 32 - Commissary | -21.47 | 40.98 | GRA COMMISSARY FOR 11/27/2012 |
| GRA-017199 | 11/29/2012 | 34 - Cable | -16.50 | 24.48 | |
| GRA-017245 | 12/04/2012 | 32 - Commissary | -22.26 | 2.22 | GRA COMMISSARY FOR 12/04/2012 |
| GRA-017290 | 12/07/2012 | 13 - Personal Gifts | +20.00 | 22.22 | GRITZNER, LINDA |
| GRA-017431 | 12/18/2012 | 32 - Commissary | -22.10 | 0.12 | GRA COMMISSARY FOR 12/18/2012 |
| GRA-017436 | 12/19/2012 | 13 - Personal Gifts | +25.00 | 25.12 | SHAW SR, JOSEPH |
| GRA-017443 | 12/19/2012 | 10 - Maintenance Payroll | +55.44 | 80.56 | GRP 3 - 14th -13th |
| GRA-017502 | 12/24/2012 | 32 - Commissary | -48.41 | 32.15 | GRA COMMISSARY FOR 12/24/2012 |
| GRA-017510 | 12/25/2012 | 13 - Personal Gifts | +25.00 | 57.15 | TESTA, RICHARD |
| GRA-017528 | 12/27/2012 | 32 - Commissary | +5.23 | 62.38 | GRA COMMISSARY CR FOR 12/27/2012 |
| GRA-017538 | 12/27/2012 | 34 - Cable | -16.50 | 45.88 | |
| GRA-017569 | 12/31/2012 | 32 - Commissary | -32.42 | 13.46 | GRA COMMISSARY FOR 12/31/2012 |
| GRA-017627 | 01/05/2013 | 13 - Personal Gifts | +50.00 | 63.46 | TOMLINSON, DAVID |
| GRA-017731 | 01/15/2013 | 32 - Commissary | -58.38 | 5.08 | GRA COMMISSARY FOR 01/15/2013 |
| GRA-017740 | 01/16/2013 | 32 - Commissary | +12.76 | 17.84 | GRA COMMISSARY CR FOR 01/16/2013 |
| GRA-017760 | 01/17/2013 | 10 - Maintenance Payroll | +52.92 | 70.76 | GRP 3 - 14th -13th |
| GRA-017790 | 01/19/2013 | 13 - Personal Gifts | +5.00 | 75.76 | TESTA, RICHARD |
| GRA-017896 | 01/29/2013 | 32 - Commissary | -22.63 | 53.13 | GRA COMMISSARY FOR 01/29/2013 |
| GRA-017913 | 01/29/2013 | 34 - Cable | -16.50 | 36.63 | |
| GRA-017915 | 01/30/2013 | 32 - Commissary | +1.13 | 37.76 | GRA COMMISSARY CR FOR 01/30/2013 |
| GRA-017987 | 02/05/2013 | 32 - Commissary | -37.31 | 0.45 | GRA COMMISSARY FOR 02/05/2013 |
| GRA-017993 | 02/06/2013 | 32 - Commissary | +1.23 | 1.68 | GRA COMMISSARY CR FOR 02/06/2013 |
| GRA-018061 | 02/12/2013 | 13 - Personal Gifts | +200.00 | 201.68 | YERGER, PHYLLIS |

*SCI Graterford*
*Shereno Bea,*
*Inmate acct. assist*



**Integrated Offender Case Management System**

**Offender Transaction History**

5/22/2013 3:13:47 PM

shbean

From Date:    11/22/2012
              12:00:00 AM

To Date:    5/22/2013 12:00:00
            AM

Sort By:    Transaction Date - ASC

| Batch# | Txn Date | Txn Description | Txn Amount ($) | Balance After Transaction($) | Details |
|--------|----------|-----------------|----------------|------------------------------|---------|
| GRA-018136 | 02/19/2013 | 32 - Commissary | -187.92 | 13.76 | GRA COMMISSARY FOR 02/19/2013 |
| GRA-018150 | 02/20/2013 | 10 - Maintenance Payroll | +57.96 | 71.72 | GRP 3 - 14th -13th |
| GRA-018170 | 02/21/2013 | 31 - Outside Purchase | -15.00 | 56.72 | AMERICAN CURVES |
| GRA-018231 | 02/26/2013 | 32 - Commissary | -23.15 | 33.57 | GRA COMMISSARY FOR 02/26/2013 |
| GRA-018235 | 02/26/2013 | 34 - Cable | -16.50 | 17.07 | |
| GRA-018307 | 03/05/2013 | 32 - Commissary | -16.97 | 0.10 | GRA COMMISSARY FOR 03/05/2013 |
| GRA-018332 | 03/06/2013 | 32 - Commissary | +2.52 | 2.62 | GRA COMMISSARY CR FOR 03/06/2013 |
| GRA-018340 | 03/07/2013 | 32 - Commissary | +36.01 | 38.63 | GRA COMMISSARY CR FOR 03/07/2013 |
| GRA-018477 | 03/19/2013 | 32 - Commissary | -38.51 | 0.12 | GRA COMMISSARY FOR 03/19/2013 |
| GRA-018471 | 03/19/2013 | 10 - Maintenance Payroll | +50.40 | 50.52 | GRP 3 - 14th -13th |
| GRA-018558 | 03/26/2013 | 32 - Commissary | -25.17 | 25.35 | GRA COMMISSARY FOR 03/26/2013 |
| GRA-018592 | 03/28/2013 | 13 - Personal Gifts | +20.00 | 45.35 | TESTA, RICHARD |
| GRA-018608 | 03/28/2013 | 34 - Cable | -16.50 | 28.85 | |
| GRA-018654 | 04/02/2013 | 32 - Commissary | -28.74 | 0.11 | GRA COMMISSARY FOR 04/02/2013 |
| GRA-018892 | 04/19/2013 | 10 - Maintenance Payroll | +55.44 | 55.55 | GRP 3 - 14th -13th |
| GRA-018916 | 04/22/2013 | 31 - Outside Purchase | -10.00 | 45.55 | DIVISION OF VITAL RECORDS |
| GRA-018936 | 04/23/2013 | 32 - Commissary | -20.04 | 25.51 | GRA COMMISSARY FOR 04/23/2013 |
| GRA-018976 | 04/25/2013 | 34 - Cable | -16.50 | 9.01 | |
| GRA-019021 | 04/30/2013 | 32 - Commissary | -8.65 | 0.36 | GRA COMMISSARY FOR 04/30/2013 |
| GRA-019190 | 05/14/2013 | 13 - Personal Gifts | +50.00 | 50.36 | YERGER, PHYLLIS |
| GRA-019266 | 05/20/2013 | 10 - Maintenance Payroll | +54.60 | 104.96 | GRP 3 - 14th -13th |
| GRA-019274 | 05/20/2013 | 32 - Commissary | -64.56 | 40.40 | GRA COMMISSARY FOR 05/20/2013 |
| GRA-019280 | 05/21/2013 | 13 - Personal Gifts | +15.00 | 55.40 | GRATZNER          , LINDA |
| GRA-019300 | 05/22/2013 | 13 - Personal Gifts | +50.00 | 105.40 | SHAW SR          , JOSEPH |

SCI Graterford
Sharon D. Bea
Inmate Acct Assist.